No: 9402.

NATIONAL SURETY COMPANY *v.* CANON BLOCK INVESTMENT
COMPANY.

Plaintiff was surety in the bond of a bank where the county treasurer deposited the moneys coming to his hands for taxes. A practice grew up by which the treasurer would deliver to the bank a receipt for the taxes of customers of the bank, and the bank would give credit to the treasurer for the amount of these receipts. The bank having failed the surety company was made liable for and paid to the treasurer, the total of the amounts so credited to him upon the books of the bank, and lost by its failure, and the treasurer paid the amounts to the county. In the bond of plaintiff to the treasurer Canon, was a provision that in case of payment of a claim under the bond the company "shall be immediately subrogated to all the rights of the obligee, to the amount of such payment," and the surety company brought its action claiming that the taxes upon the property of defendant were discharged out of the money which it had paid to Canon and that it was entitled to be subrogated to his right as treasurer· to enforce a claim against defendant's property to the amount of the tax, so discharged. *Held* that this contention was based upon the false assumption that the treasurer paid the tax with the proceeds of the judgment against plaintiff; that, in fact, in paying the judgment plaintiff paid no judgment to Canon, but a debt which it owed, not to Canon in his own right, but as county treasurer, and having paid nothing to him, it was not subrogated to any right of his.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

Messrs. McMILLIN & STERNBERG, for plaintiff in error.

Mr. BENJAMIN GRIFFITH, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE principal facts involved in this case are fully stated in *National Surety Company v. Canon*, 62 Colo. 401, 163 Pac. 284, and a brief summary thereof is sufficient for an understanding of the question here presented.

The treasurer of Mesa County had designated the Mesa County National Bank as a depositary of county funds, and,

to protect himself against loss, he took from said bank an indemnifying bond, on which plaintiff in error was surety. Thereafter the bank failed, and was put into the hands of a receiver. The treasurer claimed that, at the time of the bank's failure, he had a substantial balance of county funds on deposit therein. The plaintiff in error, as surety, disputed a part of his claim, and suit on said bond was brought by the treasurer to recover the amount so in dispute. He had judgment, which was affirmed in the above named case. Thereupon the Surety Company paid the judgment, and the amount so paid was by said treasurer paid to said county, as money for which he was accountable to it. The Surety Company, claiming that it had thus, in effect, paid the taxes on the property of defendant in error, brought suit against it to recover the amount so paid. A demurrer to the complaint was sustained, and the action dismissed. The cause is now here on error.

The additional facts material to this review are as follows: One Adams was the president of said bank, and was also the president of a company which then owned the property now sought to be made liable for the taxes which the Surety Company alleges it has paid. Following a practice shown to have prevailed for several years, the county treasurer, at the request of Adams, delivered to him at the bank, receipts for the taxes on said property and other property, and received from Adams a deposit slip showing a deposit of the several sums named in said tax receipts.

In the case above mentioned we held that, since the evidence established the fact that the bank had, for several years, thus paid its taxes, and the taxes of certain of its depositors, the county treasurer was justified in treating the transaction as a payment of taxes, and a deposit of money to his account, the bank being held bound by its acquiescence in the acts of its officers in a series of similar cases. Plaintiff in error contends that in paying the judgment it paid said taxes, and that it is subrogated to the rights of the county treasurer to enforce the claim for taxes against the property.

The fault in this argument is that it starts with a wrong premise, i. e. that Canon, the county treasurer, paid the taxes on this property with the proceeds of the judgment. In the former case we held that Canon, as county treasurer, had a certain sum in the bank, which he had deposited as money paid on these and other taxes, by the transaction above mentioned. The deposit was, in effect money which Canon had collected for the county. The obligation expressed in the bond was to pay over such sums as had been deposited in the bank as the designated depositary of funds of the county treasury. When the money was paid him on the judgment, he received it as county funds, and was thus enabled to account for the money which he had, as we held, collected on the taxes. Had he not been protected by the bond, he, or his bondsmen as county treasurer, would have been compelled to make good the deficit caused by the bank's default. The Surety Company paid no debt of Canon's; it paid the debt which the bank owed him as county treasurer. Not having paid anything for him, it is not subrogated to any right of his, if he had any.

Had the bank continued in business, and charged the items on the deposit slip to the respective depositors for whom taxes were paid, it would have had a valid claim on them for reimbursement. The fact of its failure and ceasing to do business does not affect the situation in the eye of the law. It would appear, then that the receiver had a claim against said depositor, which, if collected, would inure to the benefit of all the bank's creditors, including the plaintiff in error. If plaintiff in error had really paid the taxes, instead of merely paying the county treasurer money which its principal owed him, the cases cited on subrogation would be in point. As it is they have no bearing on the case.

We are of the opinion that the action was wrongly conceived, and that the demurrer was properly sustained.

The judgment is accordingly affirmed.

*Affirmed.*

Decision *en banc.*

Justices Scott and Burke dissent.